1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  Kevin Tyrone FLEMINGS, | Case No.:  19-cv-0944-JAH-AGS |
| 12                    Petitioner, | **REPORT AND RECOMMENDATION TO GRANT THE WARDEN'S MOTION TO DISMISS (ECF No. 15)** |
| 13  v. | |
| 14  COVELLO, Warden, | |
| 15                    Respondent. | |

16

17     The purpose of a federal habeas corpus petition is to secure a prisoner's early release

18  from illegal confinement. If success on a prisoner's claim won't "necessarily spell speedier

19  release," it cannot be brought by habeas petition. *Wilkinson v. Dotson*, 544 U.S. 74, 82

20  (2005). In this habeas case, the inmate demands swifter parole *consideration*, which will

21  not guarantee a shorter prison stay. Because success will not "necessarily spell speedier

22  release," his case should be dismissed.

23                            **BACKGROUND**

24     Since 1998, petitioner Kevin Flemings has been serving a state-prison sentence of

25  280 years to life. (ECF No. 9, at 1-2; *see* ECF No. 15-2, at 2.) In 2016, California voters

26  passed Proposition 57, which made certain nonviolent offenders eligible for early parole

27
28

                                  1

consideration.[1] Flemings applied for such consideration, but the California Department of Corrections and Rehabilitation deemed his convictions to be violent and denied his request. Flemings filed a habeas petition challenging this decision.

## DISCUSSION

Habeas corpus addresses a narrow band of prisoner suits: those seeking "either immediate release from . . . confinement or the shortening of its duration." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). If success on a petitioner's claim would not "necessarily spell speedier release," it does not lie "at the core of habeas corpus." *Wilkinson*, 544 U.S. at 82. Such suits "may not be brought in habeas corpus but must be brought, if at all, under [42 U.S.C.] § 1983." *Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quotation marks omitted).

In *Wilkinson*, two prisoners brought § 1983 lawsuits, challenging Ohio's parole procedures as unconstitutional and seeking new parole hearings. 544 U.S. at 76. The Ohio prison authority argued that the inmates were really "attack[ing] the *duration* of their confinement," so their claims "may only be brought through a habeas corpus action, not through § 1983." *Id*. at 78. The Supreme Court disagreed. "Because neither prisoner's claim would necessarily spell speedier release," the Court concluded that habeas relief was unavailable and that they could maintain their § 1983 actions. *Id*. at 82.

As in *Wilkinson*, success for Flemings "does not mean immediate release from confinement or a shorter stay in prison; it means at most new eligibility review, which at most will speed *consideration* of a new parole application." 544 U.S. at 82. Even if Flemings received a parole hearing, state "authorities may, in their discretion, decline to shorten his prison term." *Id*.

---

[1] Proposition 57 added the following language to the California Constitution: "Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." Cal. Const. art. I, § 32(a)(1).

## CONCLUSION

Flemings's claim is not suitable for habeas review. The Court need not address the other arguments for dismissal. Thus, this Court recommends that:

1. Flemings's habeas petition be **DISMISSED**; and

2. No certificate of appealability be issued.

Within 14 days of service of this report, the parties must file any objections to it. *See* 28 U.S.C. § 636(b)(1). The party receiving an objection has 14 days to file any response. Fed. R. Civ. P. 72(b)(2).

Dated: March 5, 2020

_____
Hon. Andrew G. Schopler
United States Magistrate Judge

3