UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN TYRONE FLEMINGS,<br><br>                          Petitioner,<br><br>v.<br><br>COVELLO, Warden,<br><br>                          Respondent. | Case No.:  19cv944-JAH (AGS)<br><br>**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; DISMISSING PETITION FOR WRIT OF HABEAS CORPUS; AND DENYING CERTIFICATE OF APPEALABILITY** |

## **INTRODUCTION**

Petitioner Kevin Tyrone Flemings ("Petitioner"), a state prisoner proceeding *pro se*, filed a writ of habeas corpus ("Petitioner") under 28 U.S.C. § 2254. Doc. No. 9. Respondent Covello ("Respondent") filed an answer and supporting memorandum of points and authorities. Doc. No. 15. The case was referred to United States Magistrate Judge Andrew G. Schopler for a Report and Recommendation ("Report") pursuant to 28 U.S.C. § 636(b)(1). Doc. No. 17. Judge Schopler's Report recommended dismissing the petition in its entirety, and denying the issuance of a Certificate of Appealability. Petitioner did not file an objection to the Report. After careful consideration of the entire record, and for the reasons set forth below, the Court **ADOPTS** Judge Schopler's Report; **DISMISSES** the instant petition in its entirety; and **DENIES** issuing a Certificate of Appealability.

///

1

## BACKGROUND[1]

In 1998, Petitioner was sentenced to 280 years to life for multiple state offenses. Doc. No. 9 at 1-2; Doc. No. 15-2 at 2. In 2016, Proposition 57 passed and added the following language to the California Constitution: "Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." Cal. Const. art. I, § 32(a)(1). Petitioner applied for such consideration, however, California Department of Corrections and Rehabilitation ("CDCR") denied his application as his convictions were deemed violent offenses. Petitioner appealed the decision to the CDCR and was denied by each of the three appellate divisions. Doc. No. 9 at 13-16.

## DISCUSSION

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the court "shall make a *de novo* determination of those portions of the report…to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. As to the portions of the report to which no objection is made, the court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) (stating that "de novo review of a [report] is only required when an objection is made"); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that 28 U.S.C. § 636(b)(1)(c) "makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made, but not otherwise*.").

Petitioner filed the instant petition challenging the CDRC's decision. Doc. No. 9. Petitioner alleges he is entitled to habeas relief because the CDCR improperly found him to be a violent offender under California—therefore excluding him from the Proposition

---

[1] The underlying facts set forth in the report are adopted *in toto* and referenced as if fully set forth herein. The Court provides only a brief procedural background.

2

57 parole consideration. Judge Schopler filed a Report and Recommendation, wherein which Petitioner was provided 14 days to file any objections. Doc. No. 17. To date, Petition has not filed any objections to the Report. *See* Docket. Accordingly, the Court finds that Judge Schopler has issued an accurate Report and well-reasoned recommendation that the Petition be dismissed. The Court **ADOPTS** the Report in its entirety. The Court **DISMISSES** the Petition with prejudice.

## CERTIFICATE OF APPLICABILITY

Petitioner requests the issuance of a Certificate of Appealability. Pursuant to Rule 11 of the Federal Rules governing 28 U.S.C. § 2254, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A state prisoner may not appeal the denial of a section 2254 habeas petition prior to obtaining a certificate of appealability from a circuit justice or judge.  28 U.S.C. § 2253(c)(1)(A);  *see also United States v. Asrar*, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under AEDPA). A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold, a petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further. *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (citations omitted).

Based on this Courts review of the Report, and the entire record in this matter, the Court finds no reasonable jurists would find it debatable that Petitioner has failed to show an entitlement to federal habeas corpus relief. Petitioner has not made the requisite substantial showing of the denial of a constitutional right. Accordingly, Petitioner's application for a Certificate of Appealability is **DENIED**.

///

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CONCLUSION AND ORDERED

For the reasons set forth above, IT IS HEREBY ORDERED:

      1.     The Magistrate Judge's Report is **ADOPTED** in its entirety;

      2.     The instant petition is **DISMISSED WITH PREJUDICE;**

      3.     Petitioner is **DENIED** a Certificate of Appealability.

**IT IS SO ORDERED.**

DATED: May 15, 2020

_____
Hon. John A. Houston
United States District Judge